IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHERRY RAY EVELAND, In the matter of direct legal descendent of the Estate  Legal executor/personal representative of James Ray Charles deceased father <br> JODY EVELAND, SR. <br> JODY EVELAND, JR. <br><br> Plaintiffs <br><br> v. <br><br> THE STATE OF MARYLAND, through its legal representative Brian Frosh, Esq. <br> LEONARD E. WILSON LAW OFFICE <br> ANDRUIS D. ROGERS <br> WILLIAM RIDDLE LAW FIRM <br> LAW FIRM OF ROLLINS & DELLMYER, P.A. <br> CHARLES BERNSTEIN, alleged judge <br> BELINDA K. CONAWAY, ESQ. <br><br> Defendants | Civil Action No. CCB-16-762 |

\*\*\*

### MEMORANDUM

The above-entitled action was filed on March 15, 2016, together with the full civil filing fee.  In the complaint, as supplemented (ECF 1 and 2), and a second motion for emergency relief (ECF 3) plaintiffs seek money damages and an injunction prohibiting further Orphans Court proceedings concerning a family member's estate.

Because plaintiffs are not proceeding in forma pauperis, no statutory screening is authorized under the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2).  Nevertheless, a district court has inherent authority to dismiss a complaint *sua sponte*. *See Mallard v. United States District Court,* 490 U.S. 296, 307-08 (1989) (explaining that courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross*

*v. Baron,* 493 Fed. Appx. 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First E. Seventh St.,* 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte,* even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"). For reasons noted below, the complaint must be dismissed and injunctive relief denied.

**Background**

Plaintiffs claim to have interest in the estate of James Ray Charles. They invoke federal question and civil rights jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1985(3) as well as diversity jurisdiction under 28 U.S.C. § 1331, and also raise state tort claims involving supplemental jurisdiction under 28 U.S.C. § 1367(a).[1] They argue that defendants are engaging in a conspiracy against the estate and against them as rightful heirs. (ECF 1 at pp. 1-3).

A matter involving the estate of James R. Charles is pending in the Circuit Court for Cecil Court, Maryland. *See* Case No. 07C15000730 (Cir. Ct. Cecil Co.). Examination of the docket suggests that one or more of the plaintiffs involved in the instant action has sought to remove the matter to the United States District Court for the District of Columbia (docket entry 38, January 12, 2016) and has filed a request for emergency injunctive relief to prevent liquidation of the estate assets (docket entry 39, January 21, 2016). The case remains open in the Circuit Court. Further, one or more of the plaintiffs has filed a separate civil action against defendants in the Circuit Court for Cecil County. *See Sherry Ray Eveland, et a. v. Leonard E.*

---

[1] Additional allegations concerning antitrust regulations, honest services, falsification of court documents to cover up theft, tax fraud, and use of the United States mail also are generally pleaded without specific factual detail. (ECF 1 at p. 3).

*Wilson, et al.,* Case No. 07C15000185 (Cir. Ct. Cecil Co.). A motion to remove proceedings to the United States District Court for the District of Columbia remains pending in that case as well. (*See* docket entries 6 and 7).[2]

## Legal Standards

As the federal court has limited jurisdiction, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969.

Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain

---

[2] Indeed in this case the plaintiffs' supplement suggests they may be attempting to remove the Cecil County matter to this court.

3

statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiffs seek emergency injunctive relief preventing further proceedings in the state court. To obtain a preliminary injunction, movants must demonstrate that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 20 (2008).

## Analysis

The precise factual basis for plaintiffs' complaint is not readily apparent from the pleadings, but appears based on their claim that they, not defendants, are entitled to appear on behalf of the estate and that the defendants allegedly are committing thefts against the estate. The *Younger*[3] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F. 3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted). Resolution of state probate matters is a vital state interest with which this court will not interfere, absent unusual circumstances not shown by these plaintiffs.

Additionally, there are no facts alleged from which a reasonable conclusion may be drawn that these defendants conspired to deprive plaintiffs of their constitutional rights. Indeed, after thoroughly reviewing the complaint, it cannot be discerned what conduct or events occurred that may have resulted in a plausible cause of action accruing on plaintiffs' behalf.

In the instant case, the precise nature and jurisdictional basis of the complaint cannot be determined even after affording the matter a generous construction. As such, the complaint fails to provide defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Further, plaintiffs fail to establish any of the grounds for obtaining injunctive relief.

Accordingly, for all the reasons stated above, the complaint, as supplemented, shall be dismissed without prejudice and injunctive relief denied by separate order which follows.

____March 23, 2016_____  
Date

_____/S/_____  
Catherine C. Blake  
United States District Judge