**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SHERRY RAY EVELAND, In the matter of direct legal descendent of the Estate  Legal executor/personal representative of James Ray Charles deceased father | * | |
| | * | |
| JODY EVELAND, SR. | * | |
| JODY EVELAND, JR. | | |
| | * | |
| Plaintiffs | | |
| | * | |
| v. | | Civil Action No. CCB-16-762 |
| | * | |
| THE STATE OF MARYLAND, through its legal representative Brian Frosh, Esq. | * | |
| LEONARD E. WILSON LAW OFFICE | | |
| ANDRUIS D. ROGERS | * | |
| WILLIAM RIDDLE LAW FIRM | | |
| LAW FIRM OF ROLLINS & DELLMYER, P.A. | * | |
| CHARLES BERNSTEIN, alleged judge | * | |
| BELINDA K. CONAWAY, ESQ. | | |
| | * | |
| Defendants | | |

*** 

**MEMORANDUM**

The above-entitled action was filed on March 15, 2016, together with the full civil filing fee.  In the complaint, as supplemented (ECF 1 and 2), plaintiffs sought money damages and an injunction prohibiting further Orphans Court proceedings concerning a family member's estate, and argued that defendants are engaging in a conspiracy against the estate of James Ray Charles, and against them as rightful heirs.  (ECF 1 at pp. 1-3).

On March 23, 2016, the undersigned dismissed the complaint without prejudice and denied injunctive relief.  (ECF 5 and 6).  Plaintiffs noted an appeal.  (ECF 12).  Pursuant to the judgment of the United States Court of Appeals for the Fourth Circuit,[1] this court was ordered to provide plaintiffs an opportunity to file an amended complaint providing facts in support of their

---

[1] *See Eveland, et al.  v. State of Maryland, et al.,* No. 16-1562 (4th Cir. August 22, 2016) (unpublished).

conspiracy claim (ECF 15).   Plaintiffs have filed a "Motion and Response" that shall be construed as an amended complaint (ECF 18) and dismissed for reasons to follow.

## Background

Plaintiffs claim to have an interest in the estate of James Ray Charles.   They invoke federal question and civil rights jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1985(3) as well as diversity jurisdiction under 28 U.S.C. § 1331, and also raise state tort claims involving supplemental jurisdiction under 28 U.S.C. § 1367(a).[2]   They argue that the defendants are engaging in a conspiracy against the estate and against them as rightful heirs with the intent of stealing their property and "looting" the estate.   (ECF 1 at pp. 1-3; ECF 18 at pp. 2-5).

Several matters involving the estate of James R. Charles are pending in the Circuit Court for Cecil County, Maryland.   *See In the Matter of: Estate of James R. Charles,* Case No. 07-C-15-000730[3] (Cir. Ct. Cecil Co.) (Orphans Court No. 19461)[4] .   Examination of the docket suggests that one or more of the plaintiffs involved in the instant action has sought to remove the matter to the United States District Court for the District of Columbia (docket entry 38, January 12, 2016) and has filed for emergency injunctive relief to prevent liquidation of the estate assets (docket entry 39, January 22, 2016).   The case remains open in the Circuit Court.   Further, one or more of the plaintiffs has filed a separate civil action against defendants in the Circuit Court for

---

[2] Additional allegations concerning antitrust regulations, honest services, falsification of court documents to cover up theft, tax fraud, and use of the United States mail also are generally pleaded without specific factual detail.   (ECF 1 at p. 3).

[3] On June 24, 2015, the Circuit Court ordered the Chief Judge of the Orphans' Court for Cecil County to contact the Chief Judge of the Court of Appeals of Maryland to request that an Orphans' Court Judge from another county be assigned the case.   On January 12, 2016, Eveland requested the matter be removed to the United States District Court for the District of Columbia.   On April 27, 2016, it was ordered that any further pleadings or motions filed in the case "shall be filed with the Court of Special Appeals."   It appears that some part of the matter was also before the Orphans' Court for Baltimore City.   *See* Entry of June 13, 2016.

[4] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=07C15000730&loc=51&detailLoc=ODYCIVIL

Cecil County. *See Sherry Ray Eveland, et a. v. Leonard E. Wilson, et al.,* Case No. 07-C-15-000185 (Cir. Ct. Cecil Co.). A motion to remove proceedings to the United States District Court for the District of Columbia was filed in that case as well. (*See* docket entries 6 and 7).

### Analysis

The precise factual basis for plaintiffs' complaint, even after amendment, is not readily apparent from the pleadings. It appears to be based on their assertion that they, not defendants, are entitled to appear on behalf of the estate and that the defendants allegedly are committing thefts against the estate, in conspiracy with various state court judges and court staff. The *Younger*[5] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F. 3d 156, 165 (4th Cir. 2008). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v.Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted). Resolution of state probate matters is a vital state interest with which this court will not interfere, absent unusual circumstances not shown by these plaintiffs.

Additionally, there are no facts alleged from which a reasonable conclusion may be drawn that these defendants conspired to deprive plaintiffs of their constitutional rights. Indeed, after thoroughly reviewing the complaint, the amended complaint, and the attachments

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

thereto, it cannot be discerned what conduct or events occurred that may have resulted in a plausible cause of action accruing on plaintiffs' behalf.  *See* Fed. R. Civ. Proc. 8.

Accordingly, for all the reasons stated above, the complaint, as supplemented, will be dismissed and, for reasons earlier stated, injunctive relief will be denied.  A separate order which follows.

<u>November 16, 2016</u>                       _____/S/_____
Date                                                        Catherine C. Blake
                                                              United States District Judge